J-S06020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVIER ORTIZ | : | |
| | : | |
| Appellant | : | No. 789 EDA 2021 |

Appeal from the Order Entered April 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1103911-1999

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED APRIL 26, 2022**

Javier Ortiz appeals from the order dismissing his Post Conviction Relief Act[1] ("PCRA") petition. We conclude the court did not err in dismissing the petition and affirm.

In May 2002, a jury convicted Ortiz of first-degree murder, carrying a firearm on public streets in Philadelphia, aggravated assault, attempted murder, and conspiracy.[2] The trial court sentenced him to life imprisonment for the first-degree murder conviction and 30 to 60 years' imprisonment on the remaining charges. Ortiz did not file a post-sentence motion or direct appeal.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 6108, 2702, 901, and 903, respectively.

In July 2004, Ortiz filed a PCRA petition alleging he asked trial counsel to file a post-sentence motion and direct appeal, but counsel failed to do so. The court appointed counsel, who filed a **Turner/Finley**[3] letter. The court dismissed the petition. We reversed and remanded to the trial court to determine the authenticity of documents attached to Ortiz's appellate brief, which could have impacted timeliness. The PCRA court concluded the documents were not authentic and dismissed the petition as untimely. We affirmed and the Pennsylvania Supreme Court denied the petition for allowance of appeal.

In July 2017, Ortiz filed the instant PCRA petition. The PCRA court appointed counsel, who filed an amended petition. In March 2020, after new counsel entered an appearance, Ortiz filed a counseled Motion for Leave to File an Amended Petition and an Amended PCRA Petition.[4] Ortiz asserted an "after-discovered evidence claim" that his trial counsel suffered from a mental illness while representing him.[5] Ortiz attached to his petition a 2014 Pennsylvania Supreme Court order suspending his trial counsel from the

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] The court appointed David Rudenstein, who filed an amended petition. However, Mr. Rudenstein subsequently withdrew and Teri B. Himebaugh entered her appearance for Ortiz. We refer to the petition filed by Ms. Himebaugh as the "amended petition."

[5] Ortiz stated that he was not asserting an ineffective assistance of counsel claim, but rather an "after-discovered evidence" claim. Amended Post Conviction Relief Act Petition at 9.

practice of law for two years, retroactive to February 2013, and the accompanying report and recommendation. The report and recommendation found counsel suffered from Attention Deficit-Hyperactivity Disorder ("ADHD") and Dysthymic Disorder, which is a form of depression, and that these conditions were the cause of counsel's "failure to file responses to pleadings, failure to comply with court orders, failure to timely file Petitions for Allowance of Appeal and Notices of Appeal to the Superior Court, failure to keep clients informed of the status of matters being handled and failure to respond to client's letters and telephone calls." Amended Petition, at Exh. P2, at p. 8-9. The Court found trial counsel suffered from the symptoms throughout his career, including issues with disorganization, and noted he had a prior record of misconduct, but also pointed out that trial counsel was a hard worker and a well-prepared and effective advocate for his clients. *Id.* at ¶¶ 4, 22 and p. 12. Ortiz claimed he learned of counsel's mental health in June 2017 when his fiancé read a news article about trial counsel, and he used reasonable diligence is presenting the claim.

In the amended petition, Ortiz also raised claims of misconduct by police detectives involved in his case, which he claims to have discovered after the Philadelphia District Attorney's Office made public a "do not call list" of Philadelphia Police Department detectives and officers who would not be called as witnesses at trials. He claims he obtained a copy of the purported list from "Thaliah Lopez," which led him to investigate the officers involved in his case – Detective Leon Lubiejewski and Lieutenant Michael Gross. The exhibit

attached to the Amended Petition is a spreadsheet with no official letterhead. It has columns, including, among other things, columns for the officer's name and rank, the date of alleged misconduct, a summary of facts, and whether there was a limit on the officer's testimony. Detective Lubiejewski was not on this list. Lieutenant Gross was on the list, but there were no limits placed on his ability to testify and his alleged misconduct related to arriving late on three occasions and failing to properly document a subordinate's vacation.[6]

The PCRA court issued notice of its intent to dismiss the petition without a hearing and, in April 2021, it dismissed the petition. Ortiz filed a timely notice of appeal.

Ortiz raises the following issues:

> I. Did the PCRA Court err when it found that [Ortiz's] after discovered evidence claim that trial counsel had been suffering from a mental illness, which made him unqualified and/or incompetent to represent [Ortiz], was not timely filed and/or lacked merit?
>
> II. Did the PCRA Court err when it found [Ortiz's] newly discovered evidence claim that detectives who investigated [Ortiz's] case had a history of misconduct which was not disclosed by the Commonwealth was not timely and/or lacked merit?

Ortiz's Br. at 3.

When reviewing the denial of PCRA relief, we consider whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there

---

[6] The only potential witness listed for an evidentiary hearing was Ortiz.

is no support for the findings in the certified record." ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. July 9, 2020) (*en banc*) (citation omitted).

A petitioner has one year from the date his or her judgment of sentence is final to file a PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

After the one-year deadline, the petitioner must plead and prove one of the time-bar exceptions. These exceptions include: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A time-bar exception must be raised within 60 days from the time the claim could first have been raised***. See Commonwealth v. Kretchmar***, 189 A.3d 459, 462 (Pa.Super. 2018) (citing 42 Pa.C.S.A. § 9545(b)(2)).[7] When pleading and proving the

---

[7] The statute currently provides a petitioner one year to invoke the exception. However, at the time Ortiz filed his *pro se* petition in July 2017, petitioners were required to file within 60 days of when the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). When he filed his amended petition, which for the first time asserted police misconduct, the provision provided for one year to invoke the exception. ***See id.***

time-bar exception of newly discovered facts, a petitioner must plead and prove: (1) the facts were unknown to him, and (2) the facts could not have been ascertained through due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). "The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that 'the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]'" *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). To meet this exception, a petitioner must "show that but for the interference of a government actor he could not have filed his claim earlier." *Id.* (quoting *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008)).

### A. Ortiz Did Not Prove Counsel Was Ineffective

Ortiz first claims his trial counsel had a mental illness at the time of trial. Ortiz claims the PCRA court erred by misstating the claim, that is, he states he presented a claim "pursuant to 42 Pa.C.S.A.§ 9545(b)(1)(ii), alleging 'after-discovered evidence'" and the court erred by applying the law applicable to ineffective assistance of counsel claims. Ortiz's Br. at 9.  Ortiz claims the issue is "whether [trial counsel] was competent/qualified as a threshold matter to represent [Ortiz] based on the after discovered evidence pertaining to counsel's mental health/impaired neurological functioning." *Id.* at 10. Ortiz claims that in June 2017 he learned from his fiancé that his trial counsel

suffered from a "serious mental health disorder" at the time of his trial. *Id.* at 11. He then obtained a copy of the Pennsylvania Supreme Court order that suspended counsel from the practice of law for two years and accompanying report and recommendation. *Id.* at 12 (citation omitted). Ortiz claims the Pennsylvania Supreme Court found trial counsel suffered mental health issues throughout his career and noted he had a prior record of misconduct. *Id.*

Ortiz claims that, as alleged in his July 2004 PCRA petition, he asked trial counsel to file a post-sentence motion and direct appeal, which trial counsel did not do. He further claims it is "impossible for [him] to know exactly how [trial counsel's] distractibility, forgetfulness and disorganization impacted on [trial counsel's] ability to understand the evidence, prepare for and meaningfully participate at trial." *Id.* at 15. He argues that it cannot be found that trial counsel "had sufficient organizational/executive function to have been an active advocate on [Ortiz's] behalf in order to put the Commonwealth's case to proper adversarial testing." *Id.* at 18. Ortiz claims that because of his impairment, trial counsel was presumptively incompetent and not qualified to represent him at trial, which violated his Sixth and Fourteenth Amendment rights. He argues he was effectively deprived of the presence of counsel at a critical stage and that prejudice should be presumed.

Ortiz further claims that no evidence of trial counsel's disability was presented at trial and therefore the after-discovered evidence is not cumulative, and it also would not be for the purposes of impeachment. Rather, it would have been "substantive evidence of [trial counsel's] inability to

properly function as counsel while representing [Ortiz]." ***Id.*** at 20. He states that had he known counsel suffered from the disorders, he would have requested new counsel and would not have followed his advice. He therefore claims the proceedings would have been different.

Ortiz appears to be confusing various legal concepts. First, he claims he is not raising an ineffective assistance of counsel claim, but rather an "after-discovered evidence" claim under Section 9545(b)(1)(ii). Section 9545(b)(1)(ii), however, addresses whether a petitioner has established the new fact exception to the PCRA time bar. If a petitioner establishes that he has met a time-bar exception, the PCRA court will review his substantive PCRA claims, which would include any after-discovered evidence claims. Next, in part of the brief, Ortiz cites the elements of an after-discovered evidence claim and attempts to apply the facts surrounding counsel's mental health issues to the elements of the claim. An after-discovered-evidence claim, however, is not relevant here. An after-discovered evidence claim is appropriate where a petitioner learns of evidence that would have been "producible and admissible" at trial. ***See, e.g., Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018).[8] Here, the alleged after-discovered evidence related to trial counsel and did not constitute evidence that would have been admissible during the case

---

[8] To establish an after-discovered evidence claim, a petitioner must "demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." ***Small***, 189 A.3d at 972.

presented to the jury. Further, although Ortiz claims the court erred in treating his claim as an ineffective assistance of counsel claim, he includes in the argument section of his brief a claim that his counsel was ineffective. He claims that rather than using the **Strickland**[9] three-prong ineffectiveness test, we should apply the standard from **United States v. Cronic**, 466 U.S. 648 (1984), to the ineffectiveness claim and presume prejudice.

In essence, Ortiz is asserting an ineffective assistance of counsel claim and alleges the claim is timely because he presented newly discovered facts. Accordingly, that is the claim we will review.

Ortiz's judgment of sentence became final in June 2002 when his time to file a direct appeal expired. Therefore, his instant PCRA petition, filed in 2017, is untimely. The PCRA court concluded that Ortiz's petition was untimely, but that the "allegation that he recently discovered [trial counsel's] ADHD diagnosis could have potentially helped [Ortiz] [satisfy] the PCRA time-bar." Trial Court Opinion, filed July 8, 2021, 1925(a) Op. at 7 ("1925(a) Op."). The record supports this conclusion, and it was not an error to find Ortiz's claim met a time bar exception, where Ortiz learned of his counsel's alleged disability in June 2017 and could not have learned of it earlier with due diligence. Because Ortiz satisfied a time bar for this claim, we will review the merits of his claim that counsel was ineffective.

---

[9] **Strickland v. Washington**, 466 U.S. 668 (1984).

We presume counsel was effective and a petitioner bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading and proving all of the following: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness" ("*Strickland* standard"). *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). A petitioner's failure to prove any one of these factors defeats the ineffectiveness claim. *See Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

There are situations where the *Strickland* standard does not apply to an ineffectiveness claim. In *Cronic*, the United States Supreme Court recognized an exception to *Strickland*, holding that certain circumstances are so likely to produce an unreliable verdict that prejudice is presumed. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). Pursuant to *Cronic*, prejudice is presumed in three factual scenarios: "where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest." *Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (Pa. 2007).

Here, the PCRA court concluded that the underlying claim was without merit. The court noted that Ortiz did not "aver a specific claim of ineffectiveness attributed to [trial counsel]" and he "essentially claimed that

because [trial counsel] suffered from ADHD, [trial counsel] was too incompetent to represent clients." 1925(a) Op. at 7. The court reasoned:

> In an effort to prove his allegation, [Ortiz] had attached to his PCRA Petition a Pennsylvania Supreme Court Disciplinary Order from November 13, 2014 as evidence of [trial counsel's] omissions. A review of this document revealed that [trial counsel] was described as an extremely hard worker, an attorney who worked from 5 AM to 7 PM on a daily basis, and an attorney whom twelve current members of the bar described as a well-prepared and effective advocate. An accompanying "Joint Stipulation of Facts, Law, and Exhibits" included with this report listed seven individuals who were affected by [trial counsel's] ADHD, and [Ortiz] was not listed among these seven.[2] Based on these documents it would appear as though [trial counsel] was generally effective and that [trial counsel's] ineffectiveness was limited to these seven individuals involving [trial counsel] missing appeal deadlines and similar acts or omissions.
>
> > [2] The seven individuals determined to have been affected by Attorney Bruno's ADHD were Londell A. Bond, Cyprian Diaz, Henh Lau, Akil Sabur, Gabriel F. Ocasio, Jerome Finch, and Luis Andujar.
>
> The closest [Ortiz] came to making any such allegations of [trial counsel's] incompetence were a series of hypotheticals [Ortiz] used to explain incompetence. Some such examples included: not passing the bar examination; allowing his law license to lapse; and practicing law under the influence of drugs or alcohol. Amended PCRA Petition, Page 9. It must be noted that [Ortiz] did not allege that [trial counsel] never passed the bar exam, allowed his law license to lapse, or was intoxicated by drugs or alcohol while representing [Ortiz].
>
> [Ortiz] also made the following statement in his Amended PCRA Petition:
>
> > "[Trial counsel's] serious mental disorders are equally disqualifying. Preparing for a trial requires a great deal of organizational capacity and executive functioning. Counsel must conduct an appropriate investigation. In

> a homicide case, this usually includes interviewing the client, making and returning phone calls, interviewing potential witnesses, ordering and tracking down medical and criminal records and systematically going through, analyzing and catalog each piece of discovery passed in the case."

Amended PCRA Petition, Page 10.

> As with the examples in [Ortiz's] Amended PCRA Petition, it must be noted that [Ortiz] is not alleging that [trial counsel] failed to make or return phone calls, interview potential witnesses, or acquire medical records: [Ortiz] merely used these as examples of competency without elaborating on [trial counsel's] alleged incompetent acts in [Ortiz's] case. [Ortiz] merely listed things that would demonstrate attorney incompetence and then failed to allege that [trial counsel] committed any incompetent acts in [Ortiz's] case. This was the problem with [Ortiz's] allegation: [Ortiz's] Amended PCRA Petition did not explain how [trial counsel] was incompetent and how it affected [Ortiz's] trial. In fact, Appellant stated: "While [trial counsel] was apparently able to maintain the appearance of general competence during the trial itself, his disorganization of thought was likely simply invisible to onlookers." Amended PCRA Petition, Page 10.

> Due to the fact that [trial counsel] was apparently able to maintain the appearance of general competence during the trial and the fact that [Ortiz] failed to explain how [trial counsel] was incompetent during his trial, this court was unable to determine that [trial counsel] was incompetent in representing [Ortiz]. Therefore, this fell below [Ortiz's] burden of proof under [**Strickland** standard].

*Id.* at 7-9.

The record supports the court's findings of fact and it did not err as a matter of law in dismissing this claim. Ortiz did not explain in his amended petition how trial counsel's ADHD or mental health impacted his trial.

- 12 -

On appeal, Ortiz claims he raised in the PCRA court a claim that trial counsel did not file a post-sentence motion or direct appeal, as directed. Ortiz did raise this in his instant *pro se* petition, but it was not raised in the amended petition. Because it was not in his amended petition, the PCRA court did not address it. Further, Ortiz raised a claim that his counsel was ineffective for failing to file a post-sentence motion or direct appeal in his first PCRA petition and claimed he did not know his counsel had not filed the appeal. The PCRA court found that the petition was untimely and that he did not satisfy the time bar. Therefore, a claim that counsel was ineffective for failing to file a post-sentence motion or direct appeal has been previously litigated. *See* 42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived."); *Commonwealth v. Collins*, 888 A.2d 564, 570 (Pa. 2005) (the bar to previously litigated claims "prevents the relitigation of the same legal ground under alternative theories or allegations").

We also reject Ortiz's claims that *Cronic* should apply here because there was a constructive denial of counsel. As outlined by the PCRA court, Ortiz does not explain how trial counsel did not properly represent him at trial, instead claiming that counsel must have been ineffective due to his mental health. The record does not establish that counsel failed to subject the prosecution's case to a meaningful adversarial review or that a complete denial of counsel occurred. *See Cronic*, 466 U.S. at 659 (discussing

- 13 -

circumstances that are "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as the complete denial of counsel or "if counsel fails to subject the prosecution's case to meaningful adversarial testing").

**B. Ortiz's Claim of Alleged Misconduct by Detectives Is Untimely.**

In his second claim, Ortiz claims the court erred when it denied his after-discovered-evidence claim alleging the detectives who investigated the case had a history of misconduct that the Commonwealth did not disclose. He argues the claim is timely under the newly discovered fact and government interference exceptions to the PCRA time bar because he filed within one year of the date the Philadelphia District Attorney's Office disclosed to the public the list of detectives that they would not call as witnesses at trials. Ortiz bases this claim on the alleged conduct of the detectives in other people's cases. For example, he points out that Alfredo Domenech's and Ivan Serrano's murder convictions were vacated, and the Commonwealth did not retry them. He claims this decision was made, in part, based on the potential cross examination of Detective Lubiejewski, who he claims withheld exculpatory evidence. Ortiz also claims that Detective Gross is on the do not call list and disclosed as making false statements on official records. He cites an unrelated case where he alleged Lieutenant Gross engaged in misconduct.

The trial court concluded that this claim was untimely, and Ortiz did not establish a time-bar exception because he did not establish the provided "do not call" list qualified as government interference or a newly discovered fact:

In support of his claim that the police misconduct qualified under both the governmental interference and newly-discovered fact exceptions to the PCRA time-bar, [Ortiz] attached a letter from a "Thaliah Lopez" with a purported copy of the police "do not call" list. [Ortiz] alleged that the Commonwealth hid a "do not call" list of various detectives they did not use at trial, particularly Detective Lubiejewski and Detective Gross.

However, there are several problems with [Ortiz's] attached exhibit at P3. [Ortiz] alleged that he received this "do not call" list from Thaliah Lopez but does not explain who Thaliah Lopez is or how she would have access to any alleged do not call list. Regardless of the status of Thaliah Lopez, the list simply includes a series of names who appear to be Philadelphia Police Officers and their misconduct. Nothing on this list confirms whether the misconduct is merely alleged or has been confirmed. Nothing on this list confirms that this is a "do not call" list that the Commonwealth used to keep corrupt officers from testifying or an internal police misconduct list.

Finally, assuming that this is a "do not call" list, it did not prove that the detectives on it committed misconduct in [Ortiz's] trial. Detective Lubiejewski's name does not appear on this list. Further, this list explained that Detective Gross "arrived late to work on three occasions and failed to properly document the approval of a subordinate's vacation" which [Ortiz] describes as "making false statements on official business records". [Ortiz], however, did not elaborate how showing up late to work and/or failing to properly file vacation approval paperwork equated to making false statements in a police report, and did not result in a finding of conduct unbecoming an officer of the law. [Ortiz] did not show how this related to specific acts of police misconduct in his own case or how this demonstrated either governmental interference or a newly-discovered fact.

1925(a) Op. at 10-11 (footnotes and citation omitted).[10]

---

[10] The PCRA court also analyzed the cases on which Ortiz relied, finding that the cases do not support the finding that the detectives engaged in misconduct in those cases. Further, the court pointed out that Ortiz did not allege specific misconduct in his case.

The record supports the PCRA court's findings and it did not err or abuse its discretion in finding Ortiz did not satisfy the time-bar exceptions. Ortiz did not explain who Thaliah Lopez is or establish the list was from the District Attorney's Office. Further, as the PCRA court pointed out, Detective Lubiejewski is not on the list and Ortiz does not explain how Detective Gross's alleged misconduct was relevant to his case. ***See Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa.Super. 2018) (discussing ***Commonwealth v. Chmiel***, 173 A.3d 617 (Pa. 2017), and finding that "the majority of our Supreme Court believes that[,] while we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language requires there be some relationship between the two").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2022